**Kenneth W. LAMPE, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2008–SC–000200–KB.

Supreme Court of Kentucky.

May 22, 2008.

## OPINION AND ORDER

Movant, Kenneth Lampe, whose Bar Roster Address is 6006 Wagram Way, Louisville, Kentucky 40222 and whose KBA Member Number is 87091, has moved the Court to impose a sanction of a 180 day suspension from the practice of law. Lampe admits he is guilty of violating the Rules of Professional Conduct arising in four separate disciplinary cases.

The first disciplinary case, KBA File 9690, involves the following facts: Patricia Spangler hired Movant's firm, Chambers & Associates, on October 6, 1999 to represent her in a personal injury case. On June 23, 2000, Movant was sent a Notice of Lien by Primax Recoveries Inc. (PRI) regarding a subrogation lien for medical expenses paid by CIGNA healthcare for Ms. Spangler's injuries. Movant provided no notice of this lien to Ms. Spangler. In July 2000, Movant settled Ms. Spangler's underinsured motorists claim for $150,000 policy limits, but did not satisfy the lien. Ms. Spangler contacted Movant about medical bills she received and was told her health insurance would pay the bills. Movant received second and third notices of this lien on July 25, 2000 and August 24, 2000, respectively, but failed to inform Ms. Spangler of these notices.

On April 20, 2001, PRI filed suit against Ms. Spangler in federal court. After being served, she sent the complaint to Movant via certified mail and he assured her he would file an answer on her behalf. No answer was ever filed and a default judgment was entered against Ms. Spangler in the amount of $53,678.83 on September 5, 2001. Movant attended the judgment debtor examination with Ms. Spangler after the judgment was entered and told her he would take care of everything. Thereafter, PRI filed judgment liens against Ms. Spangler's real property and garnished her wages.

Movant responded to the initial complaint filed against him by Ms. Spangler. Subsequently, the Office of Bar Counsel sent several letters to Movant requesting additional information, to which he never responded.

The Inquiry Commission issued a five-count Charge against Movant, charging

him with violating SCR 3.130–1.3, –1.4(a), –1.4(b), –1.15(b), and 8.1(b).

The second disciplinary case, KBA File 10058, involves the following facts:

Vicki Fuzzell hired Movant's firm to represent her on a worker's compensation claim in September 1999. Movant and another attorney at the firm initially worked on the case. The other attorney filed Ms. Fuzzell's claim on October 4, 1999, and when he left the firm in April 2000, Movant continued the representation.

Movant attended a hearing on August 31, 2000, at which settlement of Ms. Fuzzell's claim was discussed. She was not present but was notified by letter that a settlement offer had been made. In January, Ms. Fuzzell sent Movant a letter via certified mail rejecting the settlement offer and asking Movant to proceed on her behalf. Movant signed for the letter, but never responded.

Thereafter, Ms. Fuzzell made many calls to Movant who failed to return the majority of those calls. Ms. Fuzzell sent a second certified letter to Movant in February 2002. Again, Movant signed for the letter but did not respond.

On November 12, 2002, Ms. Fuzzell contacted the Worker's Compensation Board about the status of her claim. Movant had failed to appear at a hearing on August 31, 2000, and again when it was reset to October 26, 2000. Movant had participated in a telephonic conference at which time the hearing was reset to October 28, 2002. The Administrative Law Judge had sent out an order on June 25, 2002 confirming this date. Movant did not inform Ms. Fuzzell of this hearing date, nor did he provide her with a copy of the order resetting the date for the hearing.

Beginning August 15, 2003, the Office of Bar Counsel sent Movant a series of at least six letters requesting additional information and Movant failed to respond to any of these letters.

The Inquiry Commission issued a five count Charge against Movant, charging him with violating SCR 3.130–1.3, –1.4(a), –1.4(b), 8.3(c), and 8.1(b).

The third disciplinary case, KBA File 13273, involves the following facts: James Carver hired Movant's firm on August 25, 1999 to represent him in a personal injury case. Movant failed to file a lawsuit on Mr. Carver's behalf prior to the expiration of the statute of limitations, thereby precluding Mr. Carver from receiving compensation for his injuries. Movant failed to advise Mr. Carver that the statute of limitations had expired, or of any options he might have and Mr. Carver was not aware of this fact until informed by another attorney at the firm in a May 2, 2003 letter.

The Inquiry Commission issued a four count Charge against Movant, charging him with violating SCR 3.130–1.1, –1.3, –1.4, and –1.4(b).

The fourth disciplinary case, KBA File 14719, involves the following facts: Movant was retained to represent Betty Minter on December 4, 2002 in a personal injury case. He filed the complaint in the case November 26, 2003. Movant kept Ms. Minter well informed about her case until March 2004. However, Movant thereafter failed to notify Ms. Minter that he had moved his office to his home and stopped returning her calls.

Movant failed to respond to a February 27, 2006 letter from Ms. Minter, asking if he intended to pursue her case. Movant did not contact Ms. Minter after she notified him of a change of address on June 1, 2006. An Order of this Court suspending Movant's license for one hundred and twenty days was issued on January 19,

2006, requiring Movant to notify all of his clients in writing. Movant failed to send notification to Ms. Minter, who learned of Movant's suspension through a third party several months later.

By the time of his suspension, however, Ms. Minter's personal injury case was over. Movant had failed to advise Ms. Minter that a Motion for Summary Judgment against her had been filed. Movant did not respond to the motion and a Summary Judgment was entered against Ms. Minter in August 2004. Movant did not advise Ms. Minter that this judgment had been entered.

The Inquiry Commission authorized the issuance of a three count Charge against Movant, in which he would be charged with violations of SCR 3.130–1.3, –1.4(a), and –1.16(d).

Movant admits that he violated the aforementioned rules in all four disciplinary cases and has requested the Court to impose a suspension from the practice of law in the Commonwealth of Kentucky for 180 days. The Kentucky Bar Association agrees that this discipline is appropriate as Movant is still under a 120 day suspension following this Court's January 19, 2006 Order. (Though the record does not disclose why Movant is still under suspension, the 120 days of his prior suspension having passed, it is presumably because he has not filed an affidavit of compliance as required by SCR 3.510(2).)

Movant's request is hereby granted. We decline to take review of this matter independently pursuant to SCR 3.370(9).

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Movant, Kenneth Lampe, is suspended from the practice of law in Kentucky for a period of 180 days.

2. If he has not already done so, Lampe is directed to notify in writing all clients and all courts in which he has matters pending of his inability to practice law, within ten days from the date of entry of this Opinion and Order. Lampe is further directed to furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

3. Lampe shall without delay, to the extent reasonably possible, cancel and cease any advertising activities in which he is engaged.

4. In accordance with SCR 3.450, Lampe is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $91.22, and for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

Entered: May 22, 2008.

/s/ Joseph E. Lambert
   CHIEF JUSTICE